**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**CHRISTIAN Z. SMITH, ESQ.**
Nevada Bar No.: 8266
**PAUL H. WOLFRAM, ESQ.**
Nevada Bar No.: 16025
**KANG & ASSOCIATES, PLLC**
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146
P: 702.333.4223
F: 702.507.1468
pkang@acelawgroup.com
filing@acelawgroup.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MOHAMED ALI, an Individual,

                Plaintiff,

v.

VITACOST.COM, INC., a Foreign Corporation; DOES 1 Through 25, inclusive; and ROE CORPORATIONS 1 Through 25, inclusive,

                Defendants.

Case No.: 2:23−cv−01078−JAD-BNW

**AMENDED COMPLAINT**

**CAUSES OF ACTION**

1) **Race Discrimination/Hostile Work Environment**
2) **Disability Discrimination**
3) **Retaliation**
3) **Negligent Hiring, Training and Supervision**

**COMPLAINT**

[1]

COMES NOW, Plaintiff, MOHAMED ALI, (hereinafter "Plaintiff"), by and through his attorneys of record, Patrick W. Kang, Esq. and Kyle R. Tatum, Esq., Christian Z. Smith, Esq., and Paul H. Wolfram, Esq. of the law firm of KANG & ASSOCIATES, PLLC, as and for his complaint against Defendants, and hereby complains, alleges and states as follows:

## PARTIES

1. MOHAMED ALI (hereinafter "Mr. Ali" or Plaintiff) was at all times relevant a resident of Clark County, Nevada.

2. **VITACOST.COM, INC.** (hereinafter "Defendant" or "**VITACOST**") was at all times relevant, a Foreign Corporation, conducting business in the State of Nevada in the County of Clark.

3. Defendants DOES 1-25 and ROE CORPORATIONS 1-25 are fictitious names referring to persons, corporations, partnerships, limited liability companies, joint ventures and/or other entities who may have or had a beneficial or other interest in Defendants at or subsequent to the events which form the basis of this lawsuit. Plaintiff will request leave of this Court to amend the complaint to substitute the actual names of these unknown parties at such time as the true names of DOES 1-25 become known.

4. Defendants are agents, servants, employees, employers, trade venturers, partners and/or family members of each other. At the time of the incidents described in this complaint, Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants are jointly and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

///

///

///

## VENUE AND JURISDICTION

[2]

5. This is a civil complaint brought in District Court under State statutes prohibiting discrimination in order to secure protection and redress for deprivation of rights under these laws.

6. Venue is proper in Clark County, Nevada pursuant to NRS 13.101 and 13.040.

7. The exercise of jurisdiction by this Court over the Defendant in this civil action is proper pursuant to NRS 14.065.

8. The liability claims and allegations for which Plaintiff complains and for which Defendants are liable arise out of actions that took place in Clark County, Nevada.

9. Specifically, the circumstances surrounding the discrimination and adverse employment action, which led to and caused Plaintiff to sustain injury, occurred within the jurisdiction of Clark County, Nevada.

10. Plaintiff exhausted all necessary administrative remedies through the filing of his Charge of Discrimination with the Nevada Equal Rights Commission ("NERC").

11. Plaintiff received a copy of his Notice of Right to Sue on February 28, 2023. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of his receipt of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

12. On or about August 27, 2021, Plaintiff started working for Defendant **VITACOST** as a Warehouse Associate.

13. Throughout his employment, Plaintiff performed his job satisfactorily.

14. Upon information and belief, Jeremy Beck (hereinafter "Mr. Beck"), was employed by Defendant **VITACOST** as a Team Lead and was Plaintiff's supervisor.

15. Shortly after Plaintiff began his employment, Mr. Beck began making inappropriate, stereotypical, and racially charged comments towards Plaintiff, who is African American.

[3]

16. Mr. Beck additionally made inappropriate and unfounded claims about Plaintiff including that he was having an affair with another African American employee.

17. These remarks progressed into Mr. Beck calling Plaintiff racial epithets such as "spook" and "towel head."

18. The discriminatory remarks were made in front of other employees which further distressed and embarrassed Plaintiff.

19. Upon information and belief, Mr. Beck had been made to change departments due to similar discriminatory behavior shortly before Plaintiff was hired.

20. Plaintiff attempted to contact the Corporate Human Resources office to report the ongoing harassment he experienced; however, he was unable to obtain the correct contact information.

21. Plaintiff therefore brought his concerns to multiple employees who he believed were supervisors at his work location.

22. Eventually, Plaintiff was able to speak with an employee, Dunia Fasail, who filed a harassment complaint on Plaintiff's behalf in early October of 2021.

23. Upon information and belief, this complaint was received by "Dave," believed to be a Human Resources employee named David Payan.

24. However, upon information and belief, no investigation was performed, and no action was taken against Mr. Beck.

25. Rather, Plaintiff's complaint was disregarded.

26. On or about October 15, 2021, Plaintiff suffered an industrial work-related incident where he was crushed by two metal crates which caused him substantial injury. Plaintiff filled out a written statement in compliance with company policy to begin the worker's compensation process.

27. The work-related incident caused Plaintiff to have to miss time from work.

28. On or about October 17, 2021, Plaintiff returned to work, pursuant to his assigned schedule. However, upon arriving, he was surprised to find out his electronic access card did not work.

29. He was granted access to the building by security and was subsequently told he had been terminated.

30. Plaintiff was informed he was discharged due to missing too many days of work.

31. However, he was listed on the regular schedule and the overtime schedule to work in the upcoming days and weeks.

32. Plaintiff asserts that the actual reason for his termination was pretextual and the true nature of his termination was retaliatory and related to his complaints of discrimination, harassment, and filing for worker's compensation.

33. It is Plaintiff's contention the Defendant discriminated against him based on his race, disability and/or in retaliation for filing complaints of discrimination and harassment, and/or for making a worker's compensation claim.

34. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered from severe emotional distress.

## FIRST CLAIM FOR RELIEF

(*Race Discrimination/Hostile Work Environment in Violation of NRS 613 et. al.*)

35. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

36. Plaintiff worked at **VITACOST** as a Warehouse Associate, at all times during his employment he performed his job satisfactorily.

37. The Defendant, **VITACOST**, knew or should know of its obligation, pursuant to state statutes, to maintain workplaces free of discrimination based on a person's race.

38. The Defendant, **VITACOST**, failed to take reasonably adequate steps to prevent discrimination and take corrective measures against reported discrimination based on race in

[5]

its workplace in Nevada.

39. Upon information and belief, Defendant **VITACOST** was aware of employees, specifically Mr. Beck, who had made racially discriminatory remarks against other employees similarly situated to Plaintiff, and failed to take appropriate corrective or preventative measures.

40. Rather, Defendant **VITACOST** did nothing more than transfer Mr. Beck into a different department.

41. By failing to take appropriate corrective or preventative measures, Defendant **VITACOST** cultivated and permitted a discriminatory hostile work environment.

42. The Defendant, **VITACOST**, subjected the Plaintiff to discriminatory treatment by allowing co-workers to use racial epithets when addressing the Plaintiff, subjecting the Plaintiff to disparate terms and conditions of employment, as well as disparate disciplinary actions, thereby prohibiting the Plaintiff's right to work in an environment free of discrimination due to his race.

43. The Defendant, **VITACOST**, acting through and with its' employees, discriminated illegally against the Plaintiff and/or ratified the conduct of its employees by failing to take any corrective action, and allowing the discriminatory and disparate conduct to continue.

44. The Plaintiff charges that Defendant **VITACOST**, discriminated against the Plaintiff based on his race.

45. Upon information and belief, the Defendant's failure to address the Plaintiff's complaints regarding his co-worker's actions were motivated in whole or in part by Plaintiff's race.

46. The Plaintiff endured and sustained actual damages including loss of income, mental and emotional suffering, worry, fear, anguish, shock, nervousness, stress and anxiety in an amount subject to proof at trial.

47. The Defendant, **VITACOST**'s actions were done with willful disregard for the well-established and well-known legal rights of the Plaintiff.

48. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount in excess of $15,000.00.

49. The Defendant's actions were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights which subjected him to severe financial hardship, mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial, therefore the Plaintiff should be awarded punitive damages in an amount in excess of $15,000.00.

50. Due to the Defendants' conduct, the Plaintiff was forced to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF

(*Retaliation*)

51. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

52. Plaintiff worked for Defendant **VITACOST** as a Warehouse Associate, at all times during his employment he performed his job satisfactorily.

53. State statutes specifically prohibit an employer from taking retaliatory action against an employee for attempting to invoke his rights under Employment Discrimination Laws as outlined in NRS 613 *et. al*. and from taking retaliatory action against an employee for filing a worker's compensation claim.

54. Plaintiff expressed his concerns about the verbally harassing conduct, the intimidation, the racial discrimination, and the disparate treatment he was experiencing in the Defendant's workplace.

55. Further, after being injured in the workplace, Plaintiff began taking the necessary steps to file a claim for worker's compensation.

56. After receiving notice of the Plaintiff's discrimination complaints and/or claim for worker's compensation, Defendant, its' supervisors, its' agents and its' employees engaged in discriminatory and retaliatory conduct by subjecting the Plaintiff to disparate terms and conditions of employment and disciplinary actions ultimately resulting in retaliatory discharge.

57. Upon information and belief, other similarly situated employees not of the Plaintiff's race were treated more favorably than the Plaintiff.

58. Defendant's actions were done with willful disregard for the well-established and well-known rights of the Plaintiff.

59. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount in excess of $15,000.00.

60. The Defendant's actions were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights which subjected him to severe financial hardship, mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial, therefore the Plaintiff should be awarded punitive damages in an amount in excess of $15,000.00.

61. Due to the Defendants' conduct, the Plaintiff was forced to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

### THIRD CLAIM FOR RELIEF

*(Disability Discrimination Pursuant to NRS 613.330)*

62. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

63. Defendant **VITACOST**, acting through its representatives, managers, officers, and/or employees, knew or should have known of its obligation, pursuant to state statutes, to

[8]

maintain workplaces free of discrimination based on a person's disability.

64. Defendant **VITACOST**, acting through its representatives, managers, officers, and/or employees, was aware of Plaintiff's injuries suffered in an on-the-job incident.

65. Defendant **VITACOST**, acting through its representatives, managers, officers, and/or employees, ultimately denied Plaintiff's any alternative accommodations based on his injuries, and instead, chose to discharge him.

66. Defendant **VITACOST**, acting through its representatives, managers, officers, and/or employees, failed to provide a reasonable alternative for his disability.

67. Defendant **VITACOST**, acting through its representatives, managers, officers, and/or employees, failed to address Plaintiff's concerns with alternative solutions in a way that subjected him to disparate treatment by coworkers not of her protected class.

68. Defendant **VITACOST**'s conduct, acting through its representatives, managers, officers, and/or employees, was discriminatory based upon Plaintiff's disability, and therefore, prohibited by statutes, including NRS 613.330.

69. As a result of Defendant **VITACOST**'s prohibited discrimination, Plaintiff has been damaged, and will continue to be damaged in an amount in excess of $15,000.00.

70. Due to the Defendants' conduct, Plaintiff was forced to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

## FOURTH CLAIM FOR RELIEF

(*Negligent Hiring, Training, and Supervision*)

71. The Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

72. Plaintiff worked at **VITACOST** as a Warehouse Associate, at all times during his employment he performed his job satisfactorily.

[9]

73. Defendant owed a duty as an employer in the State of Nevada, to adequately hire and train qualified personnel and to adequately supervise its personnel in the performance of their jobs.
74. Defendant breached that duty of care by failing to adequately train and supervise its employees, managers, supervisors and/or agents regarding race discrimination and retaliation in the workplace.
75. Defendant further breached that duty when it allowed Plaintiff's co-workers and supervisors to engage in inappropriate workplace conduct as described herein, ultimately resulting in the disparate disciplinary actions and the retaliatory discharge of the Plaintiff.
76. Defendant further breached that duty when it failed take any preventative or corrective action when made aware of specific employee(s) engaging in inappropriate behavior and instead, merely transferred the employee to a different department.
77. Defendant's failure to properly train and/or supervise such employees proximately caused Plaintiff's injuries as alleged in this Complaint.
78. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount in excess of $15,000.00.
79. Due to the Defendants' conduct, the Plaintiff was forced to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

///
///
///
///
///
///
///

**WHEREFORE**, Plaintiff is entitled to judgment in his favor and against Defendants, as follows:

1. For judgment in an amount in excess of $15,000.00;

2. For all costs and all attorneys' fees incurred and accrued in these proceedings;

3. For interest thereon at the legal rate until paid in full;

4. For punitive and exemplary damages in an amount to be determined by this Court; and

5. For such other and further relief as the Court may deem just and proper.

Dated this   5th   of October, 2023.

**KANG & ASSOCIATES, PLLC**

/s/*Patrick W. Kang, Esq.*
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 010381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**CHRISTIAN Z. SMITH, ESQ.**
Nevada Bar No.: 8266
**PAUL H. WOLFRAM, ESQ.**
Nevada Bar No.: 16025
**KANG & ASSOCIATES, PLLC**
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*